UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

DONALD A. PIERCE,                           )
                                            )
                    Petitioner,             )
                                            )
              v.                            )        No. 2:20-cv-00177-JPH-MG
                                            )
RICHARD BROWN Warden,                       )
                                            )
                    Respondent.             )

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORUPUS AND
GRANTING A CERTIFICATE OF APPEALIBILITY**

Donald A. Pierce was convicted of child molestation in an Indiana state court. Mr. Pierce

now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 based on ineffective assistance of

counsel. For the reasons set forth in this order, the Court **denies** the petition but **grants** a certificate

of appealability.

**I.**
**Background**

Federal habeas review requires the Court to "presume that the state court's factual

determinations are correct unless the petitioner rebuts the presumption by clear and convincing

evidence." *Perez-Gonzalez v. Lashbrook*, 904 F.3d 557, 562 (7th Cir. 2018); *see* 28 U.S.C.

§ 2254(e)(1). On direct appeal, the Indiana Court of Appeals summarized the relevant facts and

procedural history as follows:

> The facts most favorable to the jury's verdict indicate that J.W. was born [in] 1995.
> Her parents eventually divorced, and J.W. lived with her mother, Michelle.
> Michelle began dating Donald A. Pierce, and around the time J.W. was turning
> ten years old, Pierce moved into the home J.W. shared with her mother. Due to
> Michelle's work schedule, Pierce regularly spent time alone with J.W.
>
> One day, in April of 2006, Pierce was home alone with J.W. when he began
> touching her on her vagina through her clothes. Pierce then asked J.W. if she

wanted to play a game. Pierce instructed J.W. to take off her clothes and lie on the couch. Pierce removed his clothes, laid on top of J.[W]., and put his "private" on her "private." Pierce then began to move up and down on top of J.W. After Pierce was finished, J.W. discovered that her "private" was all wet. J.W. felt disgusted.

Pierce and J.W. played that "game" again the following weekend. They played the game approximately every other weekend, when J.W. was not visiting her father, for over one year. On some occasions, Pierce put his mouth on J.W.'s "private." On some occasions, Pierce put his penis inside J.W.'s "private." And, on some occasions, Pierce touched J.W.'s "private" with his hand.

*Pierce v. State*, No. 13A04-0908-CR-480, 2010 WL 4253698, at *1 (Ind. Ct. App. Jan. 6, 2011) (citations omitted).

After a jury trial, Mr. Pierce was found guilty of three counts of Class A felony child molesting, one count of Class C felony child molesting, and of being a repeat sexual offender. The trial court sentenced him to a total term of 124 years in prison. *Id*. at *2. The Indiana Court of Appeals remanded the case to the trial court to correct a sentencing error that resulted in an extension of Mr. Pierce's sentence by ten years and otherwise affirmed the trial court. *Id*. at *6-7. The Indiana Supreme Court exercised its discretion to revise Mr. Pierce's sentence pursuant to Indiana Appellate Rule 7(B) and otherwise affirmed the Court of Appeals. *Pierce v. State*, 949 N.E.2d 349, 351 (Ind. 2011).

Mr. Pierce then filed a state petition for post-conviction relief, alleging that his trial counsel was ineffective for failing to (1) object to "drum-beat" testimony regarding the victim's out-of-court statements;(2) object to testimony about child abuse syndrome; (3) obtain some of the victim's medical and counseling records, and (4) withdraw when a personal conflict arose during trial. The post-conviction court denied his petition and the Indiana Court of Appeals affirmed. Judge Bailey dissented as to Mr. Pierce's first two claims of ineffective assistance: "I am convinced that trial counsel rendered ineffective assistance in that she simply took a fatalistic approach to the

trial and wholly failed to challenge any testimony by any State witness, including drumbeat repetition of J.W.'s allegations and child abuse syndrome testimony." *Pierce v. State*, 135 N.E.3d 993, 1006 (Ind. Ct. App. 2019).

The Indiana Supreme Court denied transfer. Dkt. 7-7 at 6. Mr. Pierce then filed his federal habeas petition.

## II.
## Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") directs how the Court must consider petitions for habeas relief under § 2254. "In considering habeas corpus petitions challenging state court convictions, [the Court's] review is governed (and greatly limited) by AEDPA." *Dassey v. Dittmann*, 877 F.3d 297, 301 (7th Cir. 2017) (en banc) (citation and quotation marks omitted). "The standards in 28 U.S.C. § 2254(d) were designed to prevent federal habeas retrials and to ensure that state-court convictions are given effect to the extent possible under law." *Id.* (citation and quotation marks omitted).

A federal habeas court cannot grant relief unless the state court's adjudication of a federal claim on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"The decision federal courts look to is the last reasoned state-court decision to decide the merits of the case, even if the state's supreme court then denied discretionary review." *Dassey*, 877 F.3d at 302. "Deciding whether a state court's decision 'involved' an unreasonable application of federal law or 'was based on' an unreasonable determination of fact requires the federal habeas court to train its attention on the particular reasons—both legal and factual—why state courts rejected a state prisoner's federal claims, and to give appropriate deference to that decision[.]" *Wilson v. Sellers*, 138 S. Ct. 1188, 1191-92 (2018) (citation and quotation marks omitted). "This is a straightforward inquiry when the last state court to decide a prisoner's federal claim explains its decision on the merits in a reasoned opinion." *Id.* "In that case, a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Id.*

"For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Id.* "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102. "The issue is not whether federal judges agree with the state court decision or even whether the state court decision was correct. The issue is whether the decision was unreasonably wrong under an objective standard." *Dassey*, 877 F.3d at 302. "Put another way, [the Court] ask[s] whether the state court decision 'was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Id.* (quoting *Richter*, 562 U.S. at 103). "The bounds of a reasonable application depend on the nature of the relevant rule. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case

4

determinations." *Schmidt v. Foster*, 911 F.3d 469, 477 (7th Cir. 2018) (en banc) (citation and quotation marks omitted).

### III.
### Discussion

A criminal defendant has a right under the Sixth Amendment to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish that "counsel's assistance was so defective as to require reversal," a petitioner must show: (1) counsel's performance was deficient; and (2) counsel's deficient performance prejudiced the petitioner. *Id.* "This inquiry into a lawyer's performance and its effects turns on the facts of the particular case, which must be viewed as of the time of counsel's conduct." *Laux v. Zatecky*, 890 F.3d 666, 673–74 (7th Cir. 2018) (citation and quotation marks omitted). "As for the performance prong, because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight, *Strickland* directs courts to adopt a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 674 (citation and quotation marks omitted). "The prejudice prong requires the defendant or petitioner to 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Laux*, 890 F.3d at 674 (quoting *Strickland*, 466 U.S. at 694).

The Indiana Court of Appeals quoted an Indiana Supreme Court decision for the *Strickland* standard:

> The defendant must prove: (1) counsel rendered deficient performance, meaning counsel's representation fell below an objective standard of reasonableness as gauged by prevailing professional norms; and (2) counsel's deficient performance prejudiced the defendant, *i.e.*, **but for counsel's errors the result of the proceeding would have been different**.

*Pierce*, 135 N.E.3d at 1003 (emphasis supplied) (quoting *Bobadilla v. State*, 117 N.E.3d 1272, 1280 (Ind. 2019) (in the record at dkt. 7-11). This formulation of the prejudice prong is incorrect.[1] To establish prejudice, a petitioner does not have to show that the outcome of the proceeding would have been different, but only *a reasonable probability* that the outcome would have been different. Respondent failed to acknowledge this error in his return and instead argued that the Indiana Court of Appeals correctly identified and applied the *Strickland* framework. Dkt. 7 at 15.

The Indiana Court of Appeals determined one ground for relief—that trial counsel failed to investigate the victim's medical and counseling records—solely on the prejudice prong, so this Court reviews only that ground *de novo*. *Thomas v. Clements*, 789 F.3d 760, 766−68 (7th Cir. 2015) (if the adjudication was unreasonable under § 2254(d), federal habeas review of that claim is *de novo*). This Court reviews the Indiana Court of Appeals' deficient performance analysis for each of Mr. Pierce's other grounds for relief under the deferential "unreasonable application" standard set forth above in Section II.

### A.  Failure to Object to "Drumbeat" Testimony

Mr. Pierce first argues that his trial counsel was ineffective when she failed to object to hearsay testimony from witnesses who testified—before the victim testified—as to what the victim had told them about the alleged abuse. In a child molestation case, the admission of hearsay statements of the victim regarding alleged sexual abuse before the victim testifies can be reversible

---

[1] The Court recognizes that the Seventh Circuit recently deferred to a state court when it left out the "reasonable probability" portion of the prejudice standard in one part of its opinion. *Olvera v. Gomez*, 2 F.4th 659, 670 (7th Cir. 2021). But in that case, the state court correctly recited the standard elsewhere in its opinion and also cited a case that recited the correct standard. Here, only the dissent correctly states the *Strickland* prejudice standard. And although the Indiana Supreme Court eventually applied the correct prejudice standard in *Bobadilla*, the *Pierce* court only quoted that opinion's incorrect formulation of the standard. In the absence of any recitation or reference to the correct standard in the majority's opinion, this Court will not presume that the Indiana Court of Appeals applied the standard correctly.

error. *See Modesitt v. State*, 578 N.E.2d 649, 652 (Ind. 1991) ("the drumbeat repetition of the victim's original story prior to calling the victim to testify" may unduly prejudice the defendant).

The Indiana Court of Appeals held that trial counsel's performance was not deficient when she made a strategic decision to allow the witnesses to testify about the victim's statements. Instead, the Court of Appeals reasoned, trial counsel's decision was based on her defense strategy of using the inconsistent statements that the victim made to different witnesses to show that the victim was not credible and therefore her testimony not believable. *Pierce*, 135 N.E.3d at 1004.

Mr. Pierce argues that the Indiana Court of Appeals failed to follow Indiana's post-conviction rules when it abandoned the post-conviction court's reasoning—that trial counsel didn't object to the "drumbeat" hearsay testimony because she knew the judge would overrule such a motion—and instead held that trial counsel decided not to object based on her trial strategy. But whether the state court followed state post-conviction rules is not a question for this Court. "Errors of state law in and of themselves are not cognizable on habeas review." *Samuel v. Frank*, 525 F.3d 566, 574 (7th Cir. 2008).

Based on its review of the trial transcript, the Indiana Court of Appeals determined that discrediting the victim as a liar was indeed defense counsel's strategy. Trial counsel referred to the victim as a liar during opening statements and closing arguments, and impeached the victim's mother with her prior statements expressing doubt about the victim's version of events. Trial Tr. at 353, 461-64, 472, 632-36.[2]  Dissenting, Judge Bailey explained his view that trial counsel's strategy of discrediting the victim would not have been undercut by objecting to the introduction of evidence of the victim's prior statements. *Pierce*, 135 N.E.3d at 1007.

---

[2] The Court refers to the handwritten page numbers at the bottom of the physical transcript produced by the respondent. The Indiana Court of Appeals referenced .pdf page numbers that do not correspond with the page numbers of the transcript provided to this Court.

7

The Indiana Court of Appeals reasonably applied *Strickland* when it determined from the record that trial counsel had a strategic reason for not objecting to "drumbeat" hearsay testimony regarding the victim's prior statements. Trial counsel's strategic decision is "virtually unchallengeable" when there is no allegation that the strategy was based on a failure to investigate. *Strickland*, 466 U.S. at 690. Here, Mr. Pierce alleges that trial counsel failed to investigate the victim's counseling records, but the relevant facts from those records were known to trial counsel and admitted at trial through other means. Therefore, there is no reason to believe that trial counsel would have abandoned or changed her trial strategy had she obtained and reviewed the records.

The Court denies Mr. Pierce's request for habeas relief on this ground, but grants a certificate of appealability because of Judge Bailey's dissent. *Jones v. Basinger*, 635 F.3d 1030, 1040 (7th Cir. 2011) ("When a state appellate court is divided on the merits of the constitutional question, issuance of a certificate of appealability should ordinarily be routine.").

**B.  Failure to Object to Child Abuse Syndrome Evidence**

Mr. Pierce next argues that his trial counsel was ineffective when she failed to object to testimony from the victim's therapist, Teresa Faulkner, regarding child abuse syndrome. The Indiana Court of Appeals held that Ms. Faulkner's testimony was admissible because trial counsel "opened the door" when she called the victim's credibility into question during her opening statement. Thus, the Court of Appeals reasoned, trial counsel's performance was not deficient. *Pierce*, 135 N.E.3d at 1004-5.

The admissibility of this testimony was a question of state law that this Court will not review. *See Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") (citation and quotation marks omitted)). And the Indiana Court of Appeals reasonably applied *Strickland* when

it determined that trial counsel's failure to raise the losing objection was not deficient performance. The Seventh Circuit has long held that "[c]ounsel is not ineffective for failing to raise meritless claims." *Warren v. Baenen*, 712 F.3d 1090, 1104 (7th Cir. 2013); *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996) ("Failure to raise a losing argument, whether at trial or on appeal, does not constitute ineffective assistance of counsel.").

Mr. Pierce is not entitled to habeas relief on this ground.

### C.  Failure to Investigate Victim's Counseling Records

Mr. Pierce argues that his trial counsel was ineffective because she did not obtain and review the victim's counseling records.[3]  Mr. Pierce contends that had counsel reviewed those records, she would have seen—and been able to point out to the jury—additional inconsistencies in the victim's story. She would also have learned from those records that the victim's mother doubted the truthfulness of the victim's story. These records were admitted in Mr. Pierce's state post-conviction proceedings. The Indiana Court of Appeals assumed for the sake of argument that counsel's failure to review these records was unreasonable. *Pierce*, 135 N.E.3d at 1005-6.  Mr. Pierce was not prejudiced by counsel's failure to review the records, however, because trial counsel attempted to impeach the victim's mother with her prior deposition testimony regarding doubts about the truthfulness of the victim's story. *Id.*

As discussed above, the Court reviews the Indiana Court of Appeals' decision on this ground for relief *de novo* because the state court unreasonably applied a prejudice standard more demanding than *Strickland* requires. *Id.* at 1006 ("J.W.'s counseling records to the same effect would not have changed the outcome of Pierce's trial.").

---

[3] In state proceedings, Mr. Pierce argued that trial counsel was ineffective because she did not investigate the victim's medical and counseling records. But in his federal habeas petition, he only argues that her failure to investigate the counseling records was ineffective. Dkt. 2 at 14.

Mr. Pierce points to notations in the counseling records that the victim did not believe another child who had accused the victim's father of molesting her and that the victim's mother had expressed concerns that the victim was lying. Dkt. 2 at 33-34. The counseling records reflect that the victim's mother stated that she did not trust her daughter (the victim) because she had lied when she initially denied that the abuse had occurred. Dkt. 8 (manually-filed confidential records dated July 2, 2008). The records also reflect that the victim doubted that her father had abused a child. *Id*. (records dated June 4, 2008, and June 12, 2008).

But Mr. Pierce's trial counsel attempted to impeach the victim's mother with her deposition testimony regarding her doubts about her daughter's story. Trial Tr. at 472 (Defense counsel: "Ms. Williams, when I asked you the question [at your deposition], did you ever tell anyone you did not believe [the victim] was molested by [Mr. Pierce]? Do you recall replying that I had doubts at one time before she told me the complete story. . . ." Ms. Williams: "Yes."). This impeachment evidence—that the victim's evolving story caused her mother to doubt that Mr. Pierce had molested her—was more helpful to Mr. Pierce's theory of defense than the counseling note that the mother did not believe her daughter when her daughter denied the abuse. The mother's deposition testimony supports Mr. Pierce's theory that the victim lied about the abuse, while the counseling note implies that the victim was lying when she denied the abuse. Therefore, Mr. Pierce was not prejudiced by his counsel's failure to investigate the counseling records, which would have only turned up evidence less helpful than what counsel obtained at the mother's deposition.  Thus, the counseling notes raising the same issue would have been cumulative of evidence presented at trial. And the Indiana Court of Appeals was correct that the victim's doubts about another child's allegations against her father were irrelevant to the victim's allegations against Mr. Pierce. *Pierce,* 135 N.E.3d at 1005, n 3.

Mr. Pierce was not prejudiced by his counsel's failure to investigate the victim's counseling records because nothing in the records would have had a reasonable probability of changing the outcome at trial. Therefore, Mr. Pierce is not entitled to habeas relief on this ground.

### D. Failure to Withdraw when Conflict of Interest Arose

Finally, Mr. Pierce argues that his counsel was ineffective when she failed to withdraw after a conflict of interest arose. The Sixth Amendment right to counsel includes "the right to representation that is free from conflict of interest." *Hall v. United States*, 371 F.3d 969, 973 (7th Cir. 2004) (internal quotation omitted). When a petitioner claims that his counsel was ineffective because of a conflict of interest, he may establish this claim either by demonstrating that "an actual conflict of interest adversely affected his lawyer's performance" or by showing that a potential conflict of interest led counsel to provide objectively deficient representation that caused prejudice. *United States v. Grayson Enters., Inc.*, 950 F.3d 386, 389 (7th Cir. 2020).

Trial counsel testified at the post-conviction hearing that, either just before or after the verdict, she learned of a threat made by Mr. Pierce. Mr. Pierce had told her assistant that he and his brother would kill the judge and prosecutors if he was found guilty. Trial counsel further testified that she immediately notified the judge and withdrew before sentencing. Findings of Fact and Conclusions of Law, dkt. 14-1 at 6-7. The Indiana Court of Appeals affirmed the post-conviction court's conclusion that the conflict of interest did not develop until either right before or right after the guilty verdict. *Pierce*, 135 N.E.3d at 1006. Thus, it did not adversely affect counsel's performance at trial. This was not an unreasonable application of clearly established federal law.

Mr. Pierce argues that he and his mother testified at the post-conviction hearing that the threats occurred at the beginning of trial or on the second day, not right before or after the verdict.

Dkt. 2 at 38; PC Tr. at 30, 44. The post-conviction court's findings of fact section stated that trial counsel testified that she received a threat either right before or right after the guilty verdict. Many of the post-conviction court's factual findings were stated as recitations of witness testimony. The Indiana Court of Appeals recognized that the findings were nonetheless valid findings of fact because it was clear from the opinion as a whole that the post-conviction court had adopted the testimony it had recited in its fact section. *Pierce*, 135 N.E. 3d at 1002-3. Nothing about the Indiana Court of Appeals decision on this point constitutes an unreasonable finding of fact or an unreasonable application of federal law. Mr. Pierce is not entitled to relief on this ground.

## IV.
## Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation and quotation marks omitted).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In light of Judge Bailey's dissent, a certificate of appealability is **granted as to** Mr. Pierce's claims that trial counsel was ineffective. *See Jones*, 635 F.3d at 1040;

*Burnett v. United States*, 472 F. App'x 409, 412 (7th Cir. 2012) ("[A]n ineffective assistance claim encompasses the overall deficient performance of counsel and not any specific failing").

## V.
## Conclusion

Pierce's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **denied**, and a certificate of appealability is **granted**. Final Judgment in accordance with this decision shall issue.

**SO ORDERED.**

Date: 6/7/2022

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DONALD A. PIERCE
993116
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Caryn Nieman Szyper
INDIANA ATTORNEY GENERAL
caryn.szyper@atg.in.gov